UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MISTY M. FIELDER, ) | |
| ) | Bankruptcy No. 14-00564 |
| Debtor. ) | |
| ) | |
| CRONIN, SKILTON & SKILTON, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 14-09085 |
| ) | |
| v. ) | |
| ) | |
| MISTY M. FIELDER ) | |
| ) | |
| Defendant. ) | |

**TRIAL RULING**

This case came before the Court for trial in Mason City, Iowa on Creditor Cronin, Skilton & Skilton's complaint seeking a denial of Debtor Misty Fielder's discharge under 11 U.S.C. § 727. David and Christine Skilton appeared for Cronin, Skilton & Skilton. J. Mathew Anderson appeared for Debtor Misty Fielder. The Court took the matter under advisement. The parties filed post-trial briefs. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

**STATEMENT OF THE CASE**

Creditor Cronin, Skilton & Skilton ("Skilton") filed this complaint seeking a denial of bankruptcy discharge for Debtor Misty Fielder ("Debtor") under 11

U.S.C. § 727(a)(2)(A) or § 727(a)(4)(A).  Skilton argues that Debtor omitted certain assets and changed the value of other assets with the intent to hinder, delay, or defraud Skilton.  Skilton also alleges that Debtor knowingly made false statements on her bankruptcy petition with the intent to defraud Skilton.  Debtor admits the omissions and changed valuations, but claims that they were simply honest mistakes.  Debtor argues that they were not done with the intent to hinder, delay, or defraud Skilton.  The Court finds that Debtor's testimony is credible and, as explained below, that Skilton has not proven all of the elements of 11 U.S.C. § 727(a)(2)(A) or § 727(a)(4)(A).

## FINDINGS OF FACT

Debtor is Skilton's former client.  Skilton represented Debtor on a number of issues including a divorce, child custody disputes, and child support payments.  Skilton sued Debtor in Iowa District Court for about $16,000 in legal expenses.  Skilton received a default judgment.  Skilton then held a judgment debtor's examination on March 10, 2014.  Debtor attended this examination with her father and was unrepresented by counsel.

At the examination, Debtor estimated that her household furnishings were worth between $8,000 and $10,000.  She said that she had some jewelry but did not mention two wedding rings in her possession.  Debtor also did not mention a property settlement from a previous marriage to which she was entitled.

Debtor filed this Chapter 7 bankruptcy on April 16, 2014. In Schedule B of her Chapter 7 petition, Debtor stated that her household furnishings were worth $4,000. She also stated that she did not have any jewelry. Later, she amended her filings to include two wedding rings valued at $4,000. She did not list the property settlement from the earlier marriage, nor did she amend her filings to reflect the property settlement.

At trial, Debtor testified about the discrepancy between the household furnishing value she gave at the examination and the one she listed on her bankruptcy petition. Debtor stated that she did not have time at the examination to think about how much her household goods were worth. Her valuation of $8,000 to $10,000 was merely an estimate on the spot. Her father, who was with her at the judgment debtor's examination, supported that estimate at the time. She testified that the $4,000 figure on her bankruptcy schedules reflected a more careful analysis of the value of her household furnishings.

Debtor's more careful analysis took into account that she had purchased most of the furniture used off of Craigslist or Facebook. Other household items were hand-me-down gifts from family members who, after purchasing new items, gave their old ones to Debtor. She testified that $4,000 is a more accurate estimate of the value of her used household furnishings. She did not have the items appraised.

Debtor also testified about her two wedding rings. Debtor testified that she did not mention the rings during her judgment debtor's examination or put them on her original bankruptcy schedules because she had forgotten about them. Debtor has been married and divorced twice. There was conflicting testimony at trial about which of her former husbands had given her which ring. She no longer wears the rings and they have been in storage. She forgot to tell her attorney about them when preparing the initial bankruptcy filing. Debtor later amended her petition to include the rings and claimed them as exempt.

Debtor also explained why she did not disclose the property settlement at the judgment debtor's examination or in her bankruptcy filings. In her second marriage dissolution, her second ex-husband was ordered to pay her a $5,000 property settlement. She was ordered to pay him child support. Instead of trading money on a regular basis, however, the child support payments were simply offset against the property settlement. Debtor testified that, because of this offset arrangement, she was not receiving any money or value from the property settlement and "didn't think it was relevant" to either the judgment debtor's examination or her bankruptcy petition.

Skilton called three witnesses to testify about Debtor's character. Two of the witnesses were Debtor's former husbands. The third was a man with whom

4

she had previously lived and had a relationship. All three of these witnesses testified that Debtor was untruthful.

Debtor has four children and works part-time at a local flower shop. She makes $8.50 per hour. The most she has ever earned is $12.50 per hour. Her total income for the year she filed bankruptcy and the two preceding years was $6,879.99. She previously filed bankruptcy in 2005.

## CONCLUSIONS OF LAW

### I. Denial of Discharge Under 11 U.S.C. § 727(a)(2)(A)

Skilton argues that Debtor should be denied a discharge under 11 U.S.C. § 727(a)(2)(A) because she concealed property with the intent to hinder, delay, or defraud Skilton. Skilton argues that: (a) Debtor changed her valuation of her household goods to conceal their value from Skilton; (b) Debtor did not disclose her rings at the judgment debtor's examination or on her initial bankruptcy schedules to conceal them from Skilton; (c) Debtor did not disclose her marital property settlement at the judgment debtor's examination or on her bankruptcy petition to conceal it from Skilton.

Debtor argues that she did not intend to hinder, delay, or defraud Skilton. She argues that she changed her valuation of her household goods after more carefully considering their value. She claims that she simply forgot about the rings

and did not include the property settlement because she was not receiving any payments from it.

Section 727 (a)(2)(A) provides:

(a) The court shall grant the debtor a discharge unless—
. . .
(2) The debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
(A) property of the debtor, within one year before the date of the filing of the petition . . .

11 U.S.C. § 727(a)(2)(A) (2014).

There are four elements that Skilton must prove by a preponderance of the evidence to succeed on its claim. Korte v. IRS (In re Korte), 262 B.R. 464, 471–72 (B.A.P. 8th Cir. 2001). Skilton must show: "(1) that the act complained of was done within one year prior to the date of petition filing; (2) the act was that of the debtor; (3) it consisted of a transfer, removal, destruction, or concealment of the debtor's property; and (4) it was done with an intent to hinder, delay, or defraud either a creditor or an officer of the estate." Id. at 472 (internal quotation marks omitted). The objecting party must show that the debtor had an actual intent to hinder, delay, or defraud the party. Id. at 472. Direct evidence of intent is often hard to obtain. Id. A court may infer intent from the facts surrounding the debtor's actions. Id. at 472–73. A court may also infer intent from a debtor's

6

"reckless indifference to the truth." United States Trustee v. Lebahn (In re Lebahn), No. 02-03829, Adv. No. 03-9062, 2004 WL 726915, at *6 (Bankr. N.D. Iowa Mar. 2, 2004). "[A] determination concerning fraudulent intent depends largely upon an assessment of the credibility and demeanor of the debtor." United States Trustee v. Govani (In re Govani), 509 B.R. 675, 683 (Bankr. N.D. Iowa 2014) (internal quotation marks omitted); see United States Trustee v. Leech (In re Leech), 408 B.R. 222, 226–27 (Bankr. E.D. Wis. 2009) (denying a discharge because, among other things, a debtor's credibility "was suspect"). In general, § 727 is "strictly construed in favor of the debtor" because "denial of a discharge is a harsh remedy." Kaler v. Charles (In re Charles), 474 B.R. 680, 683 (B.A.P. 8th Cir. 2012) (internal quotation marks omitted).

### a. Value of Household Goods

Skilton argues that Debtor undervalued her household goods on her bankruptcy petition with the intent to hinder, delay or defraud. At her judgment debtor's examination, Debtor valued her household goods at between $8,000 and $10,000. On her bankruptcy petition filed roughly a month later, however, Debtor listed the value of those goods as $4,000.

Debtor claimed the Iowa exemption for household goods. Iowa's exemption for clothing and household goods is $7,000, in the aggregate. Iowa Code § 627.6(5) (2015). Skilton alleges that Debtor changed the valuation of her

7

household goods to exempt them and keep Skilton from collecting its debt. Skilton argues that Debtor has a higher duty to "honestly report bankruptcy schedules" because she has previous bankruptcy experience. In re Leech, 408 B.R. at 226.

Debtor contends that she did not change the value of her household goods to prevent Skilton from collecting on part of its debt. She testified that she changed the value after more carefully and realistically considering what she owned. She argues she did not have time to carefully consider the real value of her household goods at the judgment debtor's examination—she just threw out an estimate. She testified that, after further consideration, $4,000 is a more accurate value.

Skilton presented three witnesses who testified that Debtor was untruthful and that her goods were worth more than $4,000. All three of those witnesses, however, had a significant bias against Debtor. Two were her ex-spouses and the other was a man she had a relationship with but was no longer seeing. Their testimony about the value of her household goods was not credible. Skilton presented no other evidence about the value of Debtor's household goods.

Most importantly, the Court finds Debtor's testimony credible. The Court believes Debtor's testimony that she did not know the true value of her household goods when put on the spot at the judgment debtor's examination. It is reasonable that Debtor would change her estimate after more careful reflection. Her testimony about buying most of her furniture used or getting it free from family members is

8

credible, given her circumstances—she has rarely worked for more than minimum wage, only made $6,879.99 in the roughly three years preceding bankruptcy, supports four children, and rents her home. This case is not like <u>In re Leech</u> because, even though Debtor has previous bankruptcy experience, her testimony is credible. Therefore, the Court finds that the change in estimated value of her household goods is not grounds for a denial of discharge under § 727(a)(2)(A).

**b. Wedding Rings**

Skilton argues that Debtor's failure to mention her wedding rings at the judgment debtor's examination or list them on her original petition are also grounds for denial of discharge under § 727(a)(2)(A). Debtor contends that she forgot about the rings because they had been in storage. She testified that she does not wear them because she has been separated from her former husbands since 2006 and 2011. She amended her bankruptcy petition after remembering the rings and claimed them as exempt. Debtor argues she did not omit them with the intent to hinder, delay, or defraud Skilton.

The Court finds that Skilton has failed to show that Debtor intended to deceive Skilton by not mentioning the rings or listing them on her petition. While there was contradictory evidence about which former husband gave Debtor which ring, this evidence is inconsequential. Debtor's testimony that she forgot about the rings is credible in light of the fact that the both divorces happened over five years

9

ago. The testimony of Debtor's former husbands on this issue is not credible. Skilton offered no other evidence that Debtor omitted the rings with the intent to hinder, delay, or defraud Skilton. Debtor's omission of the rings is not grounds for denying a discharge under § 727(a)(2)(A).

### c. Property Settlement

Debtor's former husband owes her about $5,000 as part of a marital property settlement. This property settlement is being offset by her ongoing child support payments to her former husband. Debtor did not disclose this property settlement on her bankruptcy petition. Skilton alleges that Debtor's failure to disclose the property settlement on her petition warrants a denial of discharge under § 727(a)(2)(A).

Debtor testified that she did not disclose or list this settlement as an asset because she "didn't think it was relevant." Without deciding whether Debtor should have listed the property settlement on her bankruptcy petition, her belief that it was unnecessary to disclose the settlement—given the offsetting nature of the agreement and the fact that she was not receiving any money from the settlement—is reasonable. The Court finds Debtor's testimony credible on this issue. Skilton did not present any evidence that showed Debtor had a "reckless indifference to the truth." Therefore, the omission of the marital property settlement is not grounds for denial of discharge under § 727(a)(2)(A).

## II.     Denial of Discharge Under 11 U.S.C. § 727(a)(4)(A)

Skilton also argues that Debtor should be denied a discharge under 11 U.S.C. § 727(a)(4)(A) because she, knowingly and fraudulently, made a false oath or account in connection with the case. Skilton essentially repeats the same three arguments: (a) Debtor lied about the value of her household goods on her bankruptcy petition; (b) Debtor failed to include her wedding rings in her original petition; and (c) Debtor failed to include the property settlement in her bankruptcy filing.

Debtor argues that her petition reflects the true value of her household goods. She argues that her omission of the rings and settlement were oversights. She argues that she did none of these actions knowingly or fraudulently.

Section 727(a)(4)(A) provides:

> (a) The court shall grant the debtor a discharge unless—
> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account . . .

11 U.S.C. § 727(a)(4)(A) (2014).

A claim under § 727(a)(4)(A) has five elements: "(1) Debtor made a statement under oath; (2) the statement was false; (3) Debtor knew the statement was false; (4) Debtor made the statement with fraudulent intent; and (5) the statement related materially to the Debtor's bankruptcy case." United States Trustee v. Govani (In re Govani), 509 B.R. 675, 686 (Bankr. N.D. Iowa 2014)

(internal quotation marks omitted). The party objecting to a debtor's discharge must prove these five elements by a preponderance of the evidence. Korte v. IRS (In re Korte), 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001). Intent can be hard to prove with direct evidence, so a party can establish intent through circumstantial evidence. In re Govani, 509 B.R. at 686. "Statements made with reckless indifference to the truth can be regarded as intentionally false." Id. (internal quotation marks omitted). Fraudulent intent is largely determined by evaluating the debtor's "credibility and demeanor." Id. (internal quotation marks omitted).

### a. Value of Household Goods

Skilton alleges that Debtor knowingly and fraudulent undervalued her household goods on her bankruptcy petition to defraud Skilton. As evidence, Skilton pointed to Debtor's original estimate of $8,000 to $10,000, which she gave at the judgment debtor's examination. Skilton also noted that Debtor's father was with her and agreed with that valuation. Finally, Debtor's ex-husbands and her former boyfriend testified that the goods were worth more than $4,000.

Debtor testified that her original estimate at the judgment debtor's examination was an off-hand guess and that $4,000 is a more accurate figure. She also pointed to her financial and living circumstances—her part-time job making $8.50 per hour, four children, rental house, and purchase of mostly used goods—as proof that she does not have the means to accumulate expensive household goods.

The Court finds Debtor's testimony credible. Debtor's testimony about the value of the household goods is reasonable given her income and the fact that the goods are secondhand. The Court finds that the Debtor did not falsely give the value of her household goods but, even if she did, she did not do so knowingly or with intent to "hinder, delay, or defraud" Skilton. Therefore, Debtor's valuation of her household goods on her petition does not meet the elements of § 727(a)(4)(A).

   b. **Wedding Rings**

Skilton argues that Debtor's discharge should be denied because she failed to list her wedding rings on her original bankruptcy petition. Debtor claims that she forgot about the rings. After remembering the rings, she amended her bankruptcy petition to include them. Debtor argues that this was not done with the intent to hinder, delay, or defraud Skilton.

The Court again finds that Debtor's testimony on this issue is credible. While Debtor should have included the rings on her petition, the Court finds no evidence she filed her bankruptcy schedules with reckless indifference to the truth. Debtor's testimony that she simply forgot about the rings is reasonable—they have been in storage and she has not worn them for years. There is also no evidence of Debtor's intent to defraud Skilton by knowingly omitting the rings. It was an oversight. Debtor's failure to include her wedding rings on her original bankruptcy petition does not meet the elements of § 727(a)(4)(A).

### c. Property Settlement

Skilton again argues that Debtor's failure disclose the property settlement with her former husband on her bankruptcy petition warrants denial of a discharge under § 727(a)(4)(A). Debtor testified that she did not believe she needed to list the settlement because she was not receiving any money from it—the property settlement was being offset against her ongoing child support payments.

The Court again finds that Debtor did not intend to defraud Skilton. At trial, Debtor testified that she did not think to list the award because of the offset. Her testimony was credible and reasonable. Further, Skilton presented no evidence that Debtor filed her petition with reckless indifference for the truth. Like Debtor's other omissions, it was a mistake and was not done with fraudulent intent. Debtor's failure to list the property settlement does not meet the elements of § 727(a)(4)(A).

## CONCLUSION

**WHEREFORE**, for the reasons stated in this opinion, judgment is entered in favor of Defendant/Debtor. The above-captioned adversary is **DISMISSED**.

Dated and Entered:

March 29, 2016

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE